# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 1:19-CV-239

| | |
|---|---|
| **LORI COLLINS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ANDREW M. SAUL,** <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Lori Collins's Motion for Summary Judgment (Doc. No. 10) and Defendant Commissioner's Motion for Summary Judgment (Doc. No. 13), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

## I.  BACKGROUND

Ms. Collins protectively filed her applications for DIB and SSI on November 17, 2015 alleging disability since May 12, 2012. (Tr. at 22; 327-32; 333-44).[1] Her applications were initially denied on March 11, 2016 (Tr. at 22; 210-12) and again upon reconsideration. (Tr. at 212-

---

[1] Citations to the administrative record filed by the Commissioner are designated as "Tr."

27; 228-243). Ms. Collins subsequently amended her alleged onset date to June 4, 2012. (Tr. at 44; 514-520). A hearing was held on January 29, 2018 before an Administrative Law Judge ("ALJ"). (Tr. at 41-68). The ALJ ultimately concluded that Ms. Collins was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. at 22-34). The Appeals Council denied her request for review of the ALJ's decision. (Tr. at 8-10). The ALJ's decision now stands as the final decision of the Commissioner and Ms. Collins has requested judicial review.

For the reasons stated below, the Court affirms the decision of the Commissioner.

## II. THE COMMISSIONER'S DECISION

At step one, the ALJ concluded that Ms. Collins had not engaged in substantial gainful activity since the initial alleged onset date of May 12, 2012.[2] (Tr. at 24). At step two, the ALJ concluded that she has the severe impairments of thoracic scoliosis, cervical spondylosis/degenerative disc disease, left carpal tunnel syndrome, migraine headaches, lumbar radiculopathy, seizures, depression, and anxiety. (Tr. at 24-25). At step three, the ALJ concluded that her severe impairments did not meet or medically equal the listed impairments in 20 C.F.R. § 404, Subpart P, app. 1. (Tr. at 25-27). As a prerequisite to step four, the ALJ concluded that Ms. Collins had the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), 416.967(a) with the following limitations:

---

[2] The ALJ followed the required five-step sequential analysis to determine (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) & 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

2

> [she] can never climb ladders, frequently climb stairs, frequently balance, and occasionally stoop, crouch, kneel, and crawl; [she] can frequently finger and handle with the dominant left hand; she can have no exposure to dangerous moving machinery or unprotected heights; and she should not drive motorized vehicles. [She] can comprehend and perform simple routine tasks and instructions. She can concentrate on, focus and attend to work tasks for at least two hours at a time before needing a normal break of fifteen minutes, or once per day, a 30-minute meal break.

(Tr. at 27-28). The ALJ concluded at step four that she could not perform any past relevant work. (Tr. at 32). However, the ALJ determined at step five that there were significant numbers of jobs available in the national economy that she could perform notwithstanding her RFC, rendering her ineligible for DIB and SSI. (Tr. at 32-33). When determining steps four and five, the ALJ relied on testimony by the vocational expert ("VE"). (Tr. at 33).

The Appeals Council denied her request for review. (Tr. at 8-10). Ms. Collins appeals to this Court pursuant to 42 U.S.C. §§ 504(g), 1383(c)(3). (Doc. Nos. 1; 10).

### III. LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*,

3

782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as follows:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

<u>A. The ALJ's decision is supported by substantial evidence because there was no apparent conflict in the VE's testimony.</u>

The ALJ determined that Ms. Collins could perform "sedentary work" limited to, in relevant part, "comprehend[ing] and perform[ing] simple routine tasks and instructions." (Tr. at 27-28). At the hearing, the ALJ posed a hypothetical question to the VE containing those limitations. (Tr. at 64). The VE testified that, given those limitations, the hypothetical claimant would be able to perform the jobs of document preparer, order clerk, and charge accounts clerk. (Tr. at 64-65). The ALJ then asked the VE if her testimony was consistent with the *Dictionary of Occupational Titles* ("DOT"), to which she responded that it was. (Tr. at 66). The ALJ adopted

4

the limitations contained in the hypothetical as the RFC, and further adopted the VE's testimony regarding the jobs Ms. Collins could perform given those limitations. (Tr. at 27-28, 33).

Each of the three jobs the ALJ determined that Ms. Collins could perform require a reasoning level of "3." *See* DOT # 249.587-018 (document preparer); DOT # 209.567-014 (order clerk); DOT # 205.367-014 (charge accounts clerk). Reasoning level 3 requires that the individual be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT app. C § III. Ms. Collins argues that the ALJ's RFC finding that she is limited to simple routine tasks and instructions apparently conflicts with the carrying out of instructions in "diagrammatic" form with "several variables." (Doc. No. 11, at 5). Thus, Ms. Collins ultimately argues that the ALJ's failure to identify and provide a reasonable explanation for this apparent conflict requires remand. (Doc. No. 11, at 5).

Social Security Ruling 00-4p ("SSR 00-4p") requires that an ALJ, before relying on VE testimony to make its disability determination, "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the [DOT], including its companion publication, the [SCO]." SSR 00-4p. Furthermore, the ALJ must "[e]xplain in the determination or decision how any conflict that has been identified was resolved." *Id.* This is an ALJ's "affirmative duty," and the ALJ does not fulfill this duty by simply asking the VE whether his testimony is consistent with the DOT. *Pearson v. Colvin*, 810 F.3d 204, 208 (2015).

The Fourth Circuit has not yet addressed whether a VE's testimony that a claimant can perform jobs with a reasoning level of 3 while being limited to simple routine tasks and instructions is an apparent conflict requiring the ALJ's identification and reasonable explanation. However,

5

this Court has repeatedly held that "[t]here is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work." *Carringer v. Colvin*, No. 2:13-CV-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014); *see, e.g.*, *Bushaw v. Berryhill*, No. 1:17-CV-00192-FDW, 2018 WL 1972711, at *4 (W.D.N.C. Apr. 26, 2018) (noting that "this Court and many other district courts have found no apparent conflict" between a reasoning level 3 and limitation to simple routine work); *Davis v. Berryhill*, No. 5:16-CV-00016-MR, 2017 WL 4248811, at *3 (W.D.N.C. Sept. 25, 2017) (holding that a reasoning level of 3 is not inconsistent with a limitation to simple, routine, repetitive tasks); *Clontz v. Astrue*, 2013 WL 3899507, at *5 n.6 (W.D.N.C. Jul. 29, 2013) (noting its holding that a reasoning level of 3 is consistent with simple routine work is also consistent with decisions from other courts in the Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits); *Williams v. Astrue*, No. 3:11–cv–592, 2012 WL 4756066, at *4–5 (W.D.N.C. Aug. 27, 2012) ("Because the ALJ limited Plaintiff to unskilled work, and the VE suggested jobs with a reasoning development level of three or lower, there was no conflict between the VE's testimony and the DOT."); *Thacker v. Astrue*, No. 11–246, 2011 WL 7154218, at *4 (W.D.N.C. Nov. 28, 2011) ("There was no apparent conflict between the ALJ's RFC limitation to simple, routine . . . work and the reasoning level three jobs identified by the V.E.").

Because the description of reasoning level 3 and the occupations listed by the VE "do not suggest an ability beyond an RFC of 'simple, routine, and repetitive tasks' is required," "[t]here is nothing in the language of [the description of reasoning level 3] to alert the ALJ of a discrepancy." *Bushaw*, 2018 WL 1972711, at *4; *see also Pearson*, 810 F.3d at 210 (rejecting the notion that SSR 00-4p allows a claimant to "nitpick" the ALJ and VE's word choices on appeal). Without an apparent conflict between the VE's testimony that Ms. Collins could follow simple and routine

6

tasks and instruction and that she could perform jobs with a reasoning level of three, the ALJ was under no obligation to identify or resolve any apparent conflicts in his decision. *Bushaw*, 2018 WL 1972711, at *4. Therefore, consistent with this Court's position that there is no conflict between simple and routine tasks and instructions and reasoning level 3, the Court finds that there is substantial evidence to support the ALJ's decision.

<u>B. Ms. Collins has waived her constitutional claim that the ALJ was not properly appointed because she did not raise the argument at any point during the administrative proceedings.</u>

Ms. Collins argues that based on *Lucia v. SEC*, 138 S. Ct. 2044 (2018), which found that certain Administrative Law Judges of the Securities and Exchange Commission are "officers of the United States" subject to the appointments clause of the U.S. Constitution, the ALJ's decision denying her DIB and SSI should be remanded because the ALJ had not been constitutionally appointed. *Id.* at 2055 ("So what relief follows? This Court has held that the 'appropriate' remedy for an adjudication tainted with an appointments violation is a new 'hearing before a properly appointed official.'"); (Doc. No. 11, at 7).

However, the Commissioner argues that "[a] constitutional challenge under the Appointments Clause is 'nonjurisdictional,' and thus a party may forfeit its Appointments Clause argument by failing to raise it." (Doc. No. 14, at 9). Therefore, according to the Commissioner, because Ms. Collins failed to object to the ALJ's appointment at any time in the administrative proceedings below, she cannot challenge the appointment of the ALJ in this Court. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that parties may not wait until they are in court to raise a statutory "defect in the . . . appointment" of the official who issued the agency's initial decision); *Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012) (holding that the plaintiff was required to exhaust constitutional claim to administrative agency before seeking review in federal court).

7

This Court agrees with the Commissioner that Ms. Collins's Appointments Clause claim has been forfeited by her failure to raise the issue earlier. A constitutional challenge under the Appointments Clause is indeed "nonjurisdictional," and thus a party may forfeit its Appointments Clause argument by failing to raise it. *See, e.g.*, *NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 795, 798 (8th Cir. 2013); *see also, Freytag v. Commissioner*, 501 U.S. 868, 878-79 (1991); *Freytag*, 501 U.S. at 893-94 (Scalia, J., concurring in part) ("Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review. A party forfeits the right to advance on appeal a nonjurisdictional claim, structural or otherwise, that he fails to raise at trial.").

Since *Lucia*, a number of courts have found that a challenge to the appointment of a Social Security Administration ALJ must be raised in the administrative proceedings in order to preserve it for judicial review. *See, e.g.*, Order at 3, *Garrison v. Berryhill*, No. 1:17-cv-00302-FDW (W.D.N.C. Oct. 10, 2018), ECF No. 24; Order at 55-56, *T. v. Comm'r of Soc. Sec'y Admin.*, No. 1:17-cv-00650-RGV (N.D. Ga. Sept. 28, 2018), ECF No. 17; Order at 5, *Williams v. Berryhill*, No. 2:17-cv-87-KS-MTP (S.D. Miss. Sept. 28, 2018), ECF No. 24; *Davidson v. Comm'r of Soc. Sec'y*, No. 2:16-cv-00102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018); *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984, at *5-6 (N.D. Iowa Sept. 14, 2018); *Iwan v. Comm'r of Soc. Sec'y*, No. 17-CV-97-LRR, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018) ("Because Iwan did not raise her Appointments Clause challenge before the ALJ or Appeals Council, the court finds that she has waived this issue."); *Hugues v. Berryhill*, No. CV 17-3892-JPR, 2018 WL 3239835, at *2 n.2 (C.D. Cal. July 2, 2018) ("To the extent *Lucia* applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings.").

That these cases consistently find that a waiver and forfeiture under these circumstances is not surprising. It is manifestly fair to all the parties and critical for the efficiency of the Social Security administrative process to require a claimant to raise all issues—particularly issues related to the authority and legitimacy of the hearing officer—as early as the challenge can be made so that, if necessary, the claim can be handled by a different officer. In other words, Ms. Collins is not entitled to sit on her hands, see how the ALJ rules on her claim and then, when she is disappointed with the decision, raise the issue for the first time in her district court appeal. Common sense notions of both fairness and efficiency strongly counsel against allowing a plaintiff to raise a constitutional challenge to the appointment of an ALJ for the first time on appeal to the district court.

Therefore, this Court finds that Ms. Collins has waived and forfeited her constitutional claim that the ALJ was not properly appointed and declines her request to remand the case on that ground.[3] *See Lucia*, 138 S. Ct. at 2055; *L.A. Tucker*, 344 U.S. at 37 ("Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.").

## V. CONCLUSION

A reasonable mind would find that the evidence in the record is adequate to support the ALJ's decision. The decision of the ALJ, therefore, is hereby **AFFIRMED.**

---

[3] This Court consequently does not need to address and expresses no opinion on the merits of Ms. Collins's Appointments Clause argument.

**SO ORDERED.**

Signed: April 27, 2020

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge